IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GEORGE VAN WAGNER,**

       Plaintiff,

v.                                                             Civil Action No. 3:11-CV-97
                                                                   (BAILEY)

**STEVEN A. CRITES, et al.,**

       Defendant.

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On this day, the above-styled civil action came before this Court for consideration of the *pro se* plaintiff's Motion for Leave to File Amended Complaint [Doc. 8] and Response to Order to Show Cause [Doc. 9], both filed November 14, 2011.

On November 8, 2011, this Court entered an Order to Show Cause [Doc. 4], which provided as follows:

> On the issue of subject matter jurisdiction, the Complaint alleges that "this Court retains Original Jurisdiction in accordance with Article [sic] 28 U.S.C. 1332(a) and 1332(a)(1), whereas the amount in controversy exceeds $75,000.00 and whereas there is a diversity in citizenship between Plaintiff and *some* of the Defendants herein." ([Doc. 1] at 2) (emphasis added). In fact, seven of the ten defendants named in the Complaint appear to be residents of West Virginia, like the plaintiff. (See Id. at 2-3). However, to base subject matter jurisdiction upon 28 U.S.C. § 1332, complete diversity must exist, i.e., the residency of the plaintiff must be diverse from the residence of *each and every* defendant. See ***Cent. W.Va. Energy Co. v. Mt. State Carbon, LLC***, 636 F.3d 101, 103 (4th Cir. 2011) ("Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.") (citing ***Caterpillar, Inc. v. Lewis***, 519 U.S. 61, 68 (1996)).
>
> Here, complete diversity is absent on the face of the Complaint. Accordingly, this Court hereby **ORDERS** the plaintiff to show cause by **November 18, 2011**, for why this Court should not dismiss the above-styled civil action for

1

>lack of subject matter jurisdiction. Failure to show cause by that date will result in the dismissal of this action.

(Id. at 1-2) (emphasis in original).

In the instant filings, the plaintiff seeks to amend his Complaint to assert "minimal diversity" pursuant to the United States Constitution, Article III, Section 2, and argues that the Court has subject matter jurisdiction pursuant to this doctrine. (See [Doc. 8-1] at 2; [Doc. 9] at 2). For the reasons that follow, this Court finds that it lacks subject matter jurisdiction and thus that this civil action should be dismissed and the plaintiff should be denied leave to file his proposed Amended Complaint.

The requirement of complete diversity of citizenship was imposed by the Supreme Court of the United States over 200 years ago in **Strawbridge v. Curtiss**, 7 U.S. (3 Cranch) 267 (1806); see also **Slavchev v. Royal Caribbean Cruises, Ltd.**, 559 F.3d 251, 255 (4th Cir. 2009) (citing **Strawbridge** for requirement of complete diversity). Since then, only three statutory exceptions have been recognized by Congress. Specifically, minimal diversity suffices to create federal subject matter jurisdiction in cases arising under either the Interpleader Act, 28 U.S.C. § 1335; the Multiparty, Multiforum Jurisdiction Act, 28 U.S.C. § 1369; or the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453.

Here, the plaintiff's action does not arise under either of the Acts listed above and therefore fails to fall within an exception to the requirement of complete diversity. Thus, because complete diversity is required but not present here, this Court lacks subject matter jurisdiction. Accordingly, the plaintiff's Complaint is hereby **DISMISSED** and the plaintiff's Motion for Leave to File an Amended Complaint is **DENIED AS MOOT**. Finally, this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 16, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE